UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2720 PA (MRWx) | Date | July 5, 2019 |
|---|---|---|---|
| Title | Rafael Arroyo, Jr. v. Kazmo, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - ORDER

    Before the Court is a Motion to Dismiss filed by defendants Kazmo, LLC and Staffing & Management Group, Inc. (collectively "Defendants") (Docket No. 15). Defendants challenge the sufficiency of the allegations in support of plaintiff Rafael Arroyo, Jr.'s ("Plaintiff") standing to pursue the Americans with Disabilities Act ("ADA") claim asserted in Plaintiff's Complaint. Defendants also request that the Court decline to exercise supplemental jurisdiction over Plaintiff's claim brought pursuant to California's Unruh Civil Rights Act and impose other procedural requirements adopted by California's courts. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for July 15, 2019, is vacated, and the matter taken off calendar.

    According to the Complaint, Plaintiff is a paraplegic and requires a wheelchair for mobility. Plaintiff alleges that he visited a gas station in Lakewood, California in March 2019 that is operated by defendant Staffing & Management Group, Inc. on property owned by Kazmo, LLC. Plaintiff alleges that he personally encountered barriers at the gas station including the lack of a safe path for travel from the boundary of the site to the entrance of the gas station store and a sales counter that did not comply with ADA design standards. The Complaint alleges that Plaintiff "will return to the gas station to avail himself of goods and services . . . once it is represented to him that the Gas Station and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site."

    Article III of the United States Constitution requires that a litigant have standing to invoke the power of a federal court. Because Article III's standing requirements limit subject matter jurisdiction, a plaintiff's standing to pursue a claim is properly challenged by a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss. See Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1121-22 (9th Cir. 2010). For the purpose of ruling on a motion to dismiss for lack of standing, the Court must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party. Maya v. Centex Corp., 658 F.3d 1060, 1068 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2720 PA (MRWx) | Date | July 5, 2019 |
|---|---|---|---|
| Title | Rafael Arroyo, Jr. v. Kazmo, LLC, et al. | | |

     Rule 12(b)(1) jurisdictional attacks can be either facial or factual. In a facial attack, the allegations are presumed true and the "challenger asserts that the[y] are insufficient on their face to invoke federal jurisdiction." Safe Air For Everyone v. Meyer, 373 F. 3d 1035, 1039 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. Courts should refrain from resolving factual issues where "the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983); see also Safe Air, 373 F. 3d at 1039; Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement, 524 F. 3d 1090, 1094 (9th Cir. 2008) ("As a general rule, when 'the question of jurisdiction and the merits of the action are intertwined,' dismissal for lack of subject matter jurisdiction is improper.").

     The Supreme Court has held that to have standing under the Constitution, a party must show it has suffered an "injury in fact," that there is a "causal connection between the injury" and the defendant's complained-of conduct, and that it is likely "that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136–37, 119 L. Ed. 2d 351 (1992). To demonstrate an "injury in fact," a plaintiff must establish an "invasion of a legally protected interest which is (a) concrete and particularized [citations] and (b) 'actual or imminent, not "conjectural" or 'hypothetical.''" Lujan, 504 U.S. at 560, 112 S. Ct. at 2136 (citations omitted).

     According to the Ninth Circuit, allegations "that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent." Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1041 (9th Cir. 2008); see also Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr., 867 F.3d 1093, 1098–99 (9th Cir. 2017). Although Defendants suggest that Plaintiff lacks standing, at least in part, because he is a serial plaintiff, the Ninth Circuit has held that an individual is not deprived of standing to pursue an ADA claim merely because he or she initially visited a property to determine whether it has ADA violations – "motivation is irrelevant to the question of standing under Title III of the ADA." Civil Rights Educ. & Enf't Ctr., 867 F.3d at 1102 ("The Named Plaintiffs' status as ADA testers thus does not deprive them of standing.").

     The Court concludes, at least at this initial stage, that Plaintiff's Complaint has alleged sufficient facts with sufficient particularity to satisfy his pleading burden to establish his standing to pursue his claims. See Doran, 524 F.3d at 1041; D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1038–39 (9th Cir. 2008). The Court therefore denies the Motion to Dismiss Plaintiff's ADA claim for lack of standing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2720 PA (MRWx) | Date | July 5, 2019 |
|---|---|---|---|
| Title | Rafael Arroyo, Jr. v. Kazmo, LLC, et al. | | |

    Because Plaintiff has stated a viable federal claim, there is currently no justification for the Court to decline to exercise supplemental jurisdiction over the Unruh Civil Rights Act claim. See 28 U.S.C. § 1367(c); see also Executive Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994). Nor is there any legal basis upon which the Court could impose the procedural requirements adopted by California's courts for serial ADA plaintiffs.

    For all of the foregoing reasons, the Court denies Defendants' Motion to Dismiss. Defendants shall file their Answer to the Amended Complaint by no later than July 22, 2019. Alternatively, Defendants may elect to file an Application to Stay in accordance with the Court's ADA Disability Access Litigation mediation program. (See Docket No. 8.) The Court orders the Clerk to issue an Order Setting Scheduling Conference.

    IT IS SO ORDERED.