CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Address: 8033 Linda Vista Road Suite 200
San Diego CA 92111
(858) 375-7385; (888) 422-5191 fax
dennisp@potterhandy.com

Attorneys for Plaintiff RAFAEL ARROYO, JR.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Rafael Arroyo, Jr.**, <br><br> Plaintiff, <br><br> v. <br><br> **Kazmo, LLC**, a California Limited Liability Company; **Staffing and Management Group, Inc.**, a California Corporation; and Does 1-10, <br><br> Defendants. | **Case No**. 2:19-CV-02720-PA-MRW <br><br> **Request for Entry of Judgment Pursuant to FRCP 68(a)** |

**PLEASE TAKE NOTICE** Plaintiff has accepted an FRCP 68 Offer of Judgment from Kazmo, LLC, a California Limited Liability Company, and Staffing and Management Group, Inc., a California Corporation and served notice of the same.

Attached are: Defendant's Offer (Exhibit 1), Plaintiff's Acceptance (Exhibit 2) and Proof of Service (Exhibit 3).

The court previously dismissed the matter while the above reference offer was pending, entering judgment for the Defendant. Plaintiff is entitled to an amended judgment in his favor due to the timely acceptance of the then pending offer.

## I. Rule 68 Offers of Judgment Cannot be Revoked

The day after serving the above referenced offer, Defendants stated intent to withdraw the offer. Counsel for plaintiff explained, providing much of the below authority, that the offer cannot be withdrawn and it would be evaluated and accepted if deemed proper. Plaintiff ultimately accepted the offer in writing and served notice of acceptance.

Numerous courts have weighed in on the issue of revocability of Rule 68 offers, finding that they remain open for the full term of 14 days. *Gutierrez v. Good Savior, LLC* (C.D. Ca. 2016) 2016 WL 5661869, *5. (analyzing the numerous authority in other circuits finding Rule 68 offers irrevocable); *Erdman v. Cochise County, Ariz.* (9th Cir. 1991) 926 F.2d 877 (recognizing an offer cannot be withdrawn regardless of mistake); *LaPierre v. St. Lawrence* (1st Cir. 2016) 819 F.3d 558; 562 n. 5 (noting "the established rule that Rule 68 offers of judgment, once made, are irrevocable for 14 days"); *Garayalde-Rijos v. Municipality of Carolina* (1st Cir. 2015) 799 F.3d 45, 47 ("Rule 68 guarantees the offeree fourteen days to contemplate the offer, as though the offeree had paid for a fourteen-day option"); *Sanchez v. Prudential Pizza, Inc.* (7th Cir. 2013), 709 F.3d 692 ("Rule 68 offers may not be revoked during the 14-day period established by the Rule"); *Richardson v. Nat'l R. R. Passenger Corp.* (D.C. Cir. 1995) 49 F.3d 760, 765 ("a Rule 68 offer is simply not revocable during the [statutory] period"); *see also* Morris K. Udall, May Offers of Judgment Under Rule 68 Be Revoked Before Acceptance?, 19 F.R.D. 401, 403, 406 (1957) ("The present wording of Rule 68 demonstrates an implied intention that offers of judgment may not be revoked during the ten day period they are open to the plaintiff.... No one can compel a defendant to talk settlement. But when he voluntarily does so by filing an offer he should be required to hold the door of compromise open until days have run."

Additionally noting that Judge Donworth, a member of the Federal Rules of Civil Procedure drafting committee, agreed that a Rule 68 is analogous to a paid for option and "cannot be withdrawn").

It is clear that an offer may not be revoked, both as a matter of law and the policy in favor of use of Rule 68s. Plaintiff has filed a proper and timely acceptance and as a result he is entitled to judgment in his favor.

### II. Dismissal does not Affect the Enforceability of the Offer

In communicating with opposing counsel about the intent to consider the pending Rule 68, after explaining revocation was ineffective, defense counsel expressed that he believed his revocation was unnecessary, as the offer was null and void upon dismissal. This is also incorrect. As explained above, the period for acceptance cannot be modified and is an option to the Plaintiff.

Numerous circuits have stated that a district court possesses no discretion once a notice of acceptance has been filed. Entry of judgment is mandatory. *Mallory v. Eyrich* (6th Cir. 1991) 922 F.2d 1273, 1279 ("Rule 68 leaves no discretion in the district court to do anything but enter judgment once an offer has been accepted."); *Perkins v. U.S. W. Comm'cns* (8th Cir. 1998) 138 F.3d 336, 338 ("Rule 68 leaves no discretion in the district court to do anything other than enter judgment once an offer of judgment has been accepted."); *Webb v. James* (7th Cir. 1998) 147 F.3d 617, 621 ("Because of this mandatory directive, the district court has no discretion to alter or modify the parties' agreement."); *Jordan v. Time* (11th Cir. 1997) Inc., 111 F.3d 102, 105 ("the mandatory language of the rule leaves no room for district court discretion"); *Ramming v. Nat. Gas Pipeline Co. of Am.* (5th Cir. 2004) 390 F.3d 366, 370 ("The court generally has no discretion whether or not to enter the judgment").

The circumstances of this matter occurring after judgment does not change the analysis, as the *Ramming* and *Perkins* cases both directed amended judgments after filing the Notice of Acceptance, in *Perkins* this occurred even after a grant of summary judgment to the Defendants. *Perkins,* 138 F3d at 338 (plaintiff could accept defendant's Rule 68 offer within 14-day period despite intervening grant of summary judgment for defendant); *Ramming.* 390 F.3d at 370 (directing an amended judgment pursuant to Rule 68.")

Rule 68 is a powerful tool, effectively the Sword of Damocles, threatening cost shifting to the Defendant, and potentially shutting off Plaintiff's entitlement to attorney's fees. *Marek v. Chesny* (1985) 473 U.S. 1, 11. This incredible power is only wieldable by the Defendant in an action. *FRCP 68*. As a result, Plaintiff carries significant risk if he chooses to ignore an offer or pursue a claim in the face of a substantial offer of judgment. This risk is counterbalanced by giving the Plaintiff an irrevocable period of acceptance to fully consider the offer.

Here, Defendant fully intended to pursue all of the threats carried by a Rule 68 offer and inflict them on the Plaintiff had he declined the offer. No intervening facts in his favor, up to and including judgment, entitles him to walk away from these obligations.

## III.  Entry of Judgment is Mandatory upon Filing the Rule 68 Acceptance Package

Rule 68 directs the clerk to enter judgment upon filing the necessary documents with the court. "If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment." *Fed. R. Civ. P. 68(a)*. This protocol is "self-

executing" akin to *Rule 41(a)(1)(A)(iii)*. *White v. National Football League* (8th Cir. 2014) 756 F.3d 585, 595. ("in nearly all relevant respects, an accepted offer of judgment is identical to a stipulated dismissal under Rule 41(a)(1)(A)(iii)"); *Ramming v. Nat. Gas Pipeline* (5th Cir. 2004) 390 F.3d. 366, 370 ("a Rule 68 Offer of Judgment is usually considered self-executing.")

Here, Plaintiff has met all the necessary requirements of Rule 68 and is entitled to judgment pursuant to the terms of Exhibit 1. Therefore, pursuant to Federal Rule of Civil Procedure 68(a), Plaintiff is entitled to clerk's entry of judgment.

### IV.  Conclusion

Having fulfilled all obligation under FRCP 68, Plaintiff requests that the Court direct the clerk to enter judgment per the terms of Exhibit 1 pursuant to FRCP 68(a).

Dated: March 10, 2020     CENTER FOR DISABILITY ACCESS

By:__/s/ Dennis Price_____ ____
    Dennis Price, Esq.
    Attorney for Plaintiff