1
2
3
4
5
6

Ara Sahelian, Esq., [CBN 169257]
SAHELIAN LAW OFFICES
23046 Ave de la Carlota, Ste 600
Laguna Hills, CA 92653
Direct : 949 859 9200
Fax : 949 954 8333
email : sahelianlaw@me.com

7   Attorneys for Kazmo, LLC, and Staffing and Management Group, Inc.

8
9
10

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**(Western Division - Los Angeles)**

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Rafael Arroyo, Jr.

　　　　　Plaintiff,

　　　　　　vs.

Kazmo, LLC; Staffing and

Management Group, Inc.

　　　　　Defendants.

**CASE NO.: 2:19-cv-02720-PA-MRW**

**THE HONORABLE PERCY ANDERSON**

DEFENDANTS' OBJECTION TO PLAINTIFF'S ATTEMPTED FILING OF POST-JUDGMENT ACCEPTANCE OF RULE 68 OFFER

Complaint Filed: 4/10/19
Trial Date:  4/7/20

## DEFENDANTS' OBJECTION TO PLAINTIFF'S ATTEMPTED FILING OF POST-JUDGMENT ACCEPTANCE OF RULE 68 OFFER

Comes now Defendants Kazmo, LLC and Staffing and Management Group, Inc. (collectively "Defendants"), and by and through their counsel, submit the following OBJECTION to the Plaintiff's attempt to file an Acceptance of a Rule 68 Offer of Judgment *after* judgment has been entered in the action.

This action was filed by Plaintiff, Rafael Arroyo, Jr., on April 10, 2019, alleging, *inter alia*, violations of the Americans with Disabilities Act. The matter was set for trial on April 7, 2020.  In that connection, the Defendants made a routine, pre-trial Rule 68 Offer of Judgment on or about March 4, 2020.  However, because the Plaintiff had failed to comply with the Court's Scheduling Order, the Court issued final judgment against the Plaintiff for failure to prosecute on March 5, 2020, which judgment was entered by the Clerk of the Court on March 6, 2020.

Following the parties' being electronically notified of the Court's action through the PACER system on March 5, 2020, Plaintiff attempted to "accept" the Rule 68 Offer of Judgment, notwithstanding the existence of

2000

the Court's original final judgment.  Defendants objected to the Plaintiff's attempt to circumvent the Court's judgment with their belated "acceptance." Nevertheless, the Plaintiff has now attempted to file the acceptance as a second judgment under Rule 68's "self-executing" procedure.

Defendants object to this use of Rule 68 to circumvent the finality of the judgment already entered by this Court.  Plaintiff has failed to make a motion under Rule 60 for relief from judgment (a motion that would still leave the finality of the existing judgment unaffected, *see* F.R. Civ. P. Rule 60(c)).  The issue here is not one where the parties engaged in post-judgment discussions and agreed to privately settle the matter notwithstanding the judgment.  Rather, Defendants made a Rule 68 offer prior to the Court's entry of judgment, and upon the issuance of that judgment, the Rule 68 offer expired by operation of law.

Plaintiff's failure to accept the offer, *prior* to the rendering of a less-favorable judgment by the Court, triggers the cost-shifting mechanism of Rule 68(d).  To permit the filing of an "acceptance" of a Rule 68 offer in a post-judgment situation would adversely impact the finality of judgments in general, as this would permit a Plaintiff to "accept" a late-pending Rule 68

offer at any time that a less-favorable judgment is rendered, and allow that party to substitute its regret for the judgment of the Court and/or the jury.

    Respectfully submitted: Thursday, March 12, 2020

                                          Ara Sahelian, Esq.
                                    Attorney for Defendants