UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2720 PA (MRWx) | Date | April 9, 2020 |
|---|---|---|---|
| Title | Rafael Arroyo, Jr. v. Kazmo, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        IN CHAMBERS

    Before the Court is a Motion for Judgment filed by plaintiff Rafael Arroyo, Jr. ("Plaintiff") (Docket No. 54). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for April 20, 2020, is vacated, and the matter taken off calendar.

    Plaintiff filed this action alleging violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act on April 10, 2019. Defendants Kazmo, LLC and Staffing and Management Group, Inc. (collectively "Defendants") filed their Answer on July 18, 2019. After setting a Scheduling Conference and reviewing the parties' Joint Report submitted pursuant to Federal Rule of Civil Procedure 26(f), the Court issued its Civil Trial Scheduling Order on July 31, 2019. The Court's Civil Trial Scheduling Order set, among other dates, a trial date of April 7, 2020, a Final Pretrial Conference for March 6, 2020, and a deadline for filing certain pretrial documents of February 21, 2020. On March 5, 2020, the day before the Final Pretrial Conference, the Court issued a Minute Order and a Judgment dismissing the action without prejudice as a result of the parties' failure to file any of the required pretrial documents. Specifically, the Court's March 5, 2020 Minute Order and Judgment dismissed the action without prejudice because of the parties' lack of prosecution and as a lesser sanction than dismissal with prejudice as a result of the parties' failures to comply with the Court's Civil Trial Scheduling Order.

    Plaintiff now seeks entry of a different Judgment than the one the Court entered on March 5, 2020, based on Plaintiff's acceptance, on March 10, 2020, of Defendants' Federal Rule of Civil Procedure 68 Offer of Judgment, which Defendants had submitted to Plaintiff on March 4, 2020. According to Plaintiff, because it accepted the Offer of Judgment within the 14 days provided by Rule 68, the Clerk must enter the Judgment consistent with the Offer of Judgment (the "Second Judgment"), despite the fact that this Court had entered its March 5, 2020

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2720 PA (MRWx) | Date | April 9, 2020 |
|---|---|---|---|
| Title | Rafael Arroyo, Jr. v. Kazmo, LLC, et al. | | |

Judgment dismissing the action without prejudice prior to Plaintiff's acceptance of the Offer of Judgment. Defendants oppose Plaintiff's efforts to enter the Second Judgment.

Offers of Judgment are governed by Rule 68, which provides:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a). In seeking entry of the Second Judgment, Plaintiff principally relies on Perkins v. U.S. West Communications, 138 F.3d 336 (8th Cir. 1998) and Ramming v. Natural Gas Pipeline Co., 390 F.3d 366 (5th Cir. 2004). In Perkins, the Eighth Circuit stated that "Rule 68 leaves no discretion in the district court to do anything other than enter judgment once an offer of judgment has been accepted. By directing that the clerk shall enter judgment after proof of offer and acceptance has been filed, the explicit language of the rule indicates that the district court possesses no discretion to alter or modify the parties' agreement. Although Rule 68 is silent on the issue, many courts have held that an offer of judgment made under Rule 68 is irrevocable for the statutorily prescribed . . . period, except for good cause." 138 F.3d at 338. The Perkins court affirmed the district court's discretionary decision, pursuant to Rule 59(e), to amend the district court's earlier Judgment to reflect the acceptance of the Rule 68 Offer of Judgment. See id. at 340.

In Ramming, the Fifth Circuit similarly stated that a "court generally has no discretion whether or not to enter judgment. A Rule 68 offer of Judgment is usually considered self-executing." 390 F.3d at 370. Unlike in this action and Perkins, the district court in Ramming had not entered a Judgment at the time of the acceptance of the Rule 68 Offer of Judgment. See id. at 369. Only after the parties had entered into a Rule 68 agreement did the district court enter a Judgment that was inconsistent with the Rule 68 Offer of Judgment. See id. The district court then denied the parties' Motion to Amend Judgment to reflect the accepted Offer of Judgment. See id. at 369-70. The Fifth Circuit reversed the district court's denial of the Motion to Amend Judgment because the "district court did not assign any reason for its refusal to sign the Offer of Judgment or its denial of defendant's Motion to Amend Judgment." Id. at 371.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2720 PA (MRWx) | Date | April 9, 2020 |
|---|---|---|---|
| Title | Rafael Arroyo, Jr. v. Kazmo, LLC, et al. | | |

For the reasons articulated by the Eleventh Circuit in Collar v. Abalux, Inc., 895 F.3d 1278 (11th Cir. 2018), the Court declines to adopt the Fifth Circuit's reasoning in Perkins, and finds Ramming distinguishable on its facts.[1] Specifically, as the Eleventh Circuit explained:

> The Federal Rules of Civil Procedure contemplate the entry of one final judgment to resolve a controversy. . . .  In contrast, Rule 68(a) provides a method of pretrial dispute resolution where no judgment has yet been entered. . . .  By its terms, Rule 68(a) applies only "in advance of trial, and only when 'a party [is still] defending against a claim.  Afterward, the clerk of court performs the ministerial act of entering a judgment that the defendant by 'offer . . . [has] allowe[ed] to be taken against [him].'"

Collar, 895 F.3d at 1283 (citations omitted).  The Eleventh Circuit additionally explained:

> Rule 68 says nothing about the clerk entering a new and different judgment after the district court has entered a final judgment.  Because Rule 68(a) provides a pretrial process for settling a case, it contemplates that no final judgment has yet been entered either following a trial or where a trial has been determined to be unnecessary.  Rule 68 provides no instruction to the clerk about what act to perform when a final judgment has already been entered.  The rule does not direct the clerk to vacate or amend an earlier final judgment.  Nor does the rule suggest that an acceptance of an offer can supersede or otherwise vitiate an extant final judgment.

Id.; see also id. at 1284 ("Perkins is unpersuasive.  Rule 68(a) requires the clerk, as a ministerial act, to enter a judgment that a defendant has 'offer[ed] to allow' while 'defending against a claim.'  A defendant is no longer 'defending against a claim' after a district court enters a final judgment in its favor.  Like the commencement of trial, the entry of a final judgment ends the operation of Rule 68(a).") (citations omitted).

Because Rule 68(a) provides that the "clerk must then enter judgment," but the clerk is not empowered to modify a Judgment previously entered by the Court, the Court's entry of a

---

[1] The Ninth Circuit does not appear to have addressed the applicability of Rule 68 when a district court has entered a Judgment before a party accepts a Rule 68 Offer of Judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2720 PA (MRWx) | Date | April 9, 2020 |
|---|---|---|---|
| Title | Rafael Arroyo, Jr. v. Kazmo, LLC, et al. | | |

Judgment precludes operation of Rule 68(a). That is, once the Court has entered a Judgment, only the Court, and not the Clerk, may enter an Amended Judgment. As a result, to seek entry of the Second Judgment in this action, Plaintiff must seek amendment of the Court's March 5, 2020 Judgment under Rules 59(e) or 60(b), but Plaintiff has not done so.

The difference between a Rule 59(e) motion and a Rule 60(b) motion is largely a matter of timing rather than substance. See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th cir. 2001)("[A] 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within [the time period permitted by that Rule]. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order."). "Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment. 'Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion.'" Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)). Courts will generally grant a Rule 59(e) motion in one of four situations:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Id. (citing McDowell, 197 F.3d at 1255 n.1). The Ninth Circuit has "held that altering or amending a judgment under Rule 59(e) is an 'extraordinary remedy.'" Rishor v. Ferguson, 822 F.3d 482, 491-92 (quoting Allstate, 634 F.3d at 1111). Amendment of judgment is "to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); Allstate, 634 F.3d at 1111.

Here, even if Plaintiff had properly filed a Motion to Amend Judgment pursuant to Rule 59(e), the Court would deny such a Motion because none of the grounds for amending the Judgment exist in these circumstances. At the time the Court entered its Minute Order and Judgment dismissing this action without prejudice, just a day before the scheduled Pretrial Conference, the parties had not filed any of the required pretrial documents. The Court did not commit a manifest error in dismissing the action without prejudice, there is no newly discovered evidence, the Judgment of Dismissal does not create manifest injustice, and there has been no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2720 PA (MRWx) | Date | April 9, 2020 |
|---|---|---|---|
| Title | Rafael Arroyo, Jr. v. Kazmo, LLC, et al. | | |

intervening change in controlling law.  The parties did not do the work required of them, and the Court reasonably and justifiably dismissed this action without prejudice as a result of their failures to prosecute the action and comply with the Court's Civil Trial Scheduling Order.  At least in these circumstances, Plaintiff's acceptance of an Offer of Judgment <u>after</u> the Court had already entered a Judgment dismissing the action does not justify the "extraordinary remedy" of issuing an Amended Judgment.

    For all of the foregoing reasons, the Court denies Plaintiff's Motion for Judgment.

    IT IS SO ORDERED.